IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DOMINIQUE ANDERSON, #M12016,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 3:21-cv-00364-SMY |
| | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| **CALDWELL,** | ) |
| **KIMBERLY BIRCH,** | ) |
| **S. STEVENS,** | ) |
| **TERRY GRISSOM,** | ) |
| **MEYERS,** | ) |
| **T. STEVENS,** | ) |
| **ANN LAHR, and** | ) |
| **ROB JEFFREYS,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Dominique Anderson, an inmate of the Illinois Department of Corrections currently incarcerated at Vienna Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint (Doc. 1) under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was treated by Dr. Birch for high blood pressure following his incarceration at Vienna in 2018. During his visits with Dr. Birch, he told her he was having ongoing severe pain in his upper right side and chest. Beginning in January 2019, he saw Dr. Birch specifically for the pain in his upper right side

and chest. Plaintiff went to the health care unit for those symptoms many times over a three-year period. Dr. Birch eventually ordered an x-ray and told Plaintiff everything was fine. He told her his symptoms were persisting and requested a CT scan or MRI to determine the cause of his pain. Dr. Birch told him it was not necessary.

Plaintiff told Nurse Practitioner Smith about the upper right side and chest pain and she immediately referred him for a CT scan, but it was denied by Wexford Health Sources, Inc. After he continued to complain about the pain, Dr. Birch appealed the denial but that was also denied by Wexford.

Plaintiff saw Dr. Caldwell on September 19, 2020 about his ongoing severe upper right side and chest pain. Dr. Caldwell told him he had hard lumps in his upper torso that could be removed. Plaintiff asked Dr. Caldwell to find the cause of his pain; Dr. Caldwell replied, "I'll see you around again" without explaining anything about the lumps. Plaintiff was concerned that the lumps were something life threatening.

Plaintiff saw Nurse Practitioner S. Stevens in 2020 for severe pain in his left wrist. She wrapped it in an ace bandage but did not give him anything for pain. He also told her about the ongoing severe pain in his upper right side and chest but she did not do anything for him.

A referral was denied because Dr. Meyers incorrectly stated Plaintiff was not suffering from shortness of breath or chest pain. This was contrary to Plaintiff's medical records.

Plaintiff was finally taken for a CT scan on February 8, 2021. He saw Nurse Practitioner S. Stevens on February 10, 2021 and she told him the CT scan revealed a thyroid issue. She drew blood to determine what medication he needed.

Plaintiff saw Dr. Meyers on February 15, 2021 and was told the CT scan revealed growths on his organs. When Plaintiff asked what it was and what's the next step, Dr. Meyers became

agitated, called a correctional officer, and made Plaintiff leave the health care unit.

As of the date of the filing of the Complaint, Plaintiff has not been diagnosed or treated for his ongoing severe pain. Wexford and its employees have violated IDOC policies and Wexford's contract with IDOC.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| | |
|---|---|
| Count 1: | Eighth Amendment claim against Dr. Birch for exhibiting deliberate indifference to Plaintiff's chronic, severe pain in his upper right side and chest in 2018 and 2019. |
| Count 2: | Eighth Amendment claim against Nurse Practitioner Stevens for exhibiting deliberate indifference to Plaintiff's chronic, severe pain in his upper right side and chest in 2020. |
| Count 3: | Eighth Amendment claim against Dr. Caldwell for exhibiting deliberate indifference to Plaintiff's chronic, severe pain in his upper right side and chest and the lumps in his upper torso in 2020. |
| Count 4: | Eighth Amendment claim against Dr. Meyers for exhibiting deliberate indifference to Plaintiff's chronic, severe pain in his upper right side and chest and the growths on his organs in 2021. |
| Count 5: | Violations of IDOC policies and the contract between Wexford and IDOC. |

Any claim that is mentioned in the Complaint and not addressed herein is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Preliminary Dismissals**

Plaintiff names Healthcare Unit Administrator T. Stevens, Administrative Review Board Member Ann Lahn, IDOC Director Rob Jeffreys, and Warden Terry Grissom as defendants, but there are no allegations against these individuals in the statement of claim. Pursuant to Federal

Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, to state a §1983 claim, a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"). Thus, absent any allegations describing what each of these individuals did or failed to do in violation of Plaintiff's constitutional rights, Plaintiff's claims against them cannot proceed. To the extent Plaintiff seeks to make a claim against these individuals as grievance officials, he cannot state a claim. *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."). He also cannot bring a claim against them in their supervisory or administrative roles based on the conduct of subordinate employees. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (a government official may not be held liable under Section 1983 on a theory of *respondeat superior* based on the unconstitutional conduct of a subordinate). They will therefore be dismissed without prejudice for failure to state a claim.

Plaintiff fails to state a claim against Wexford Health Sources, Inc. for the actions of its employees because it cannot be held liable bsed on *respondeat superior*. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). Wexford may only be held liable if it had a policy or practice that caused the alleged violation of a constitutional right. *Id.* There is no suggestion in the Complaint that Wexford maintained a policy or practice that caused a violation of Plaintiff's constitutional rights. Therefore, Plaintiff fails to state a viable claim against Wexford, and it will be dismissed without prejudice.

When a plaintiff seeks monetary damages against a state official, he must bring the suit against them in his or her individual capacity. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Therefore, the official capacity claims against each Defendant will be dismissed.

Finally, Plaintiff refers to Nurse Practitioner Smith in his statement of claim but does not name her as a defendant. Because Federal Rule of Civil Procedure 10(a) requires the names of all parties to be included in the case caption, any claims against an individual not identified as a defendant in the case caption are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005).

## Discussion

### Counts 1-4

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* The allegations in the Complaint are sufficient to proceed on the deliberate indifference claims in Count 1 against Dr. Birch, Count 2 against Nurse Practitioner Stevens, Count 3 against Dr. Caldwell, and Count 4 against Dr. Meyers.

### Count 5

Plaintiff alleges violations of IDOC policies and the contract between Wexford and IDOC. Section 1983 protects individuals from constitutional violations, not violations of state laws or departmental regulations and practices. *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir.2003); *see*

*also Ashley v. Snyder*, 739 N.E.2d 897, 902 (Ill.App.Ct. 2000) (prison regulations were "never intended to confer rights on inmates or serve as a basis for constitutional claims"). Similarly, violations of the Wexford/IDOC contract do not establish a constitutional violation. Accordingly, Count 5 will be dismissed for failure to state a claim.

## Disposition

The Complaint survives preliminary review under 28 U.S.C. § 1915A on the Eighth Amendment deliberate indifference to serious medical needs claims in Count 1 against Dr. Birch, Count 2 against Nurse Practitioner Stevens, Count 3 against Dr. Caldwell, and Count 4 against Dr. Meyers.

The official capacity claims against the Defendants are **DISMISSED** without prejudice. Count 5 is **DISMISSED** without prejudice. Wexford Health Sources, Inc., Terry Grissom, T. Stevens, Ann Lahr, and Rob Jeffreys are **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants.

The Clerk of Court shall prepare for Kimberly Birch, S. Stevens, Caldwell, and Meyers: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the

Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a **continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address**; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. **Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.** *See* **Fed. R. Civ. P. 41(b).**

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  May 17, 2021**                          *s/ Staci M. Yandle*
                                                  **STACI M. YANDLE**
                                                  **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.