IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOMINIQUE ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-CV-00364-MAB |
| | ) |
| WEXFORD HEALTH SOURCES, INC., ET AL., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Defendants Stevens, Myers, and Caldwell's motion to dismiss for lack of prosecution (Doc. 43). For the reasons set forth below, the motion is **GRANTED** and this this action is **DISMISSED with prejudice** pursuant to Rule 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## FACTUAL BACKGROUND

Plaintiff Dominique Anderson, an inmate with the Illinois Department of Corrections ("IDOC") at Vienna Correctional Center ("Vienna"), filed this *pro se* lawsuit under 42 U.S.C. § 1983 on April 6, 2021 due to alleged constitutional violations (Docs. 1, 8). Plaintiff alleged that while at Vienna, Defendants Stevens, Myers, and Caldwell were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment (Doc. 8, p. 3). After a threshold review, pursuant to 28 U.S.C. § 1915A,

Plaintiff was allowed to proceed on four Eighth Amendment claims against Defendants Caldwell, Stevens, Myers, and Birch for exhibiting deliberate indifference to Plaintiff's chronic, severe pain at different times over the course of three years (from 2018-2021) (Doc. 8, p. 3).

On July 19, 2021, the Court entered the initial scheduling Order, detailing that the deadline for dispositive motions on the issue of exhaustion of administrative remedies would be due on September 17, 2021 (Doc. 27). Defendant Birch filed her motion, and supporting memorandum, for summary judgment on the issue of exhaustion on September 16, 2021 (Docs. 28, 29). Plaintiff failed to respond to this motion by the deadline, so the Court entered an Order to Show Cause on October 27, 2021, instructing Plaintiff that he must respond to the pending motion for summary judgment or the Show Cause Order on or before November 29, 2021 otherwise this matter would be dismissed for lack of prosecution (Doc. 35). Plaintiff responded to the Show Cause Order on November 8, 2021, detailing for the Court that he previously had help from another inmate, but no longer has that help with his case (Doc. 36, p. 2). Even so, Plaintiff did include an argument in response to the motion for summary judgment. *Id.* On August 24, 2022, the Court granted Defendant Birch's motion for summary judgment and dismissed her without prejudice from this action (Doc. 38).

The Court entered its final scheduling Order on August 25, 2022 and this Order, along with the Court's Order on the motion for summary judgment, were sent to Plaintiff (Doc. 39). On September 6, 2022, the Order granting the motion for summary judgment and the final scheduling order were returned to the Court as "undeliverable" and the

mail was stamped as "released" (Doc. 40). On September 20, 2022, Defendants Myers, Stevens, and Caldwell filed their motion to dismiss for lack of prosecution, detailing that in addition to Plaintiff's mail being returned to the Court, it appears that, pursuant to the IDOC website, Plaintiff was paroled on June 16, 2022 and was no longer incarcerated at Vienna (Doc. 43, p. 2). Plaintiff did not respond to Defendants' motion to dismiss by the October 20, 2022 deadline. To date, Plaintiff has filed nothing in response to Defendants; motions to dismiss (Doc. 43).

## ANALYSIS

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.,* 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

In this matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. But those difficulties do not excuse him from complying with Court-imposed deadlines or communicating with the Court. Plaintiff has repeatedly failed to comply with Court Orders. Plaintiff was instructed of his continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address

on February 2, 2021 (Doc. 8, p. 7). Plaintiff was warned that the Court would not independently investigate his whereabouts and if he failed to comply with this Order outlining his obligation, the Court could dismiss this entire case for want of prosecution. *Id.*, citing FED. R. CIV. P. 41(b). Plaintiff never filed anything on the docket to indicate that he was paroled or to provide Defendants and the Court with his new address.[1] To date, Plaintiff has not filed anything in response to Defendants' motion to dismiss, which was filed over two months ago (Doc. 43).[2] It appears as if Plaintiff was released from IDOC custody over five months ago and has not filed anything with the Court about Plaintiff's new address. Under the circumstances presented here, the Court can only conclude that Plaintiff is no longer interested in pursuing this litigation, and the Court is convinced that dismissal is appropriate. Accordingly, Defendants' motions to dismiss for failure to prosecute are GRANTED and this action will be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (affirming the district court's decision to dismiss as case for failure to prosecute its case or abide by the court's orders and noting the court's inherent "authority under Federal Rule of Civil Procedure 41(b) to enter a *sua sponte* order of dismissal for lack of prosecution.").

---

[1] The Court also looked up Plaintiff in the IDOC Inmate Locator, and it appears his parole date was June 16, 2022. *See* IDOC Inmate Locator, available at
https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited November 28, 2022).

[2] The Court did not issue a separate Order to Show Cause regarding Plaintiff's failure to respond to Defendants' motion to dismiss because Plaintiff has been more than adequately warned about the consequences of failing to respond to motions and failing to comply with Court ordered deadlines (*See* Docs. 8, 35).

CONCLUSION

This case is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). Defendants' motions to dismiss (Doc. 43) is **GRANTED**. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

NOTICE

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life &*

*Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account, if applicable. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is

allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: November 29, 2022**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
